IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO

LE'MARC HOLCOMBE,
   *Plaintiff,*

vs.

UNION PACIFIC RAILROAD
COMPANY,
   *Defendant.*

CIVIL ACTION NO. 5:21-cv-00676-OLG

FIRST AMENDED COMPLAINT
AND JURY DEMAND

TO THE HONORABE JUDGE OF THE COURT:

Plaintiff, Le'Marc Holcombe, files his Amended Complaint and Jury Demand against Defendant, and in support thereof would show the Court as follows:

## I. INTRODUCTION

1. Plaintiff is an African American who experienced continuous racially charged comments, threats, slurs, property vandalism, and job restrictions during his employment with the Defendant.

2. Plaintiff reported the discrimination to his superiors who failed to take action regarding the discrimination.

3. Plaintiff was then retaliated against and forced to work in a hostile work environment after he complained to his supervisors.

4. Plaintiff has exhausted his administrative rights with Texas Workforce Commission and received a right to sue notice. Exhibit A.

## II. JURISDICTION AND VENUE

5. Defendant removed this case from Texas State Court on July 16, 2021.

6. The Defendant conducted business in the State of Texas and has had sufficient minimum contacts, such that it has purposefully availed itself to the jurisdiction of this Court.

7. There is diversity of citizenship between Plaintiff, a citizen of Texas and the Defendant, a citizen of a foreign state. Plaintiff agrees with the Defendant that the amount in controversy is in excess of $75,000.

### III. PARTIES

8. Plaintiff, Mr. Holcombe, is an individual residing in Bexar County, Texas.

9. Based upon information and belief, Defendant, Union Pacific Railroad Company, is a corporation domiciled in Delaware and Nebraska, and is authorized to do business in Texas. It employed Mr. Holcombe in its Texas train yard where the alleged acts of discrimination took place.

### IV. MISNOMER/MISIDENTIFICATION

10. In the event any party is misnamed or is not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such are/were "alter egos" of parties that are named herein. Alternatively, Plaintiff contends that such "corporate veils" should be disregarded in order to hold such parties properly responsible in the interest of justice.

### V. RESPONDEAT SUPERIOR

11. Defendant's employees involved in the conduct described herein were, at all times, employees, agents, or representatives of the Defendant company and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

### VI. FACTUAL ALLEGATIONS

12. Mr. Holcombe was an employee for the Defendant for many years. He began his employment in about February 2014, was constructively fired in August 2019.

13. Mr. Holcombe is African American. Throughout his employment he was subjected to a racially hostile work environment. Experienced continuous racially charged comments, threats, slurs, property vandalism, and job restrictions (the "Harassment"), all of which Mr. Holcombe reported to his superiors at the Defendant in compliance with internal procedure. The following are but a few examples,

    a. In late 2018, an unidentified coworker defaced his identification badge by drawing an "*afro*" on his head. (A copy was provided to the Texas Workforce Commission).

    b. In late 2018, his coworker, Becker, referred to Plaintiff as racial charged slur (*i.e.,* the "N" word).

    c. In early 2019, again his coworker, Becker, referred to Plaintiff as racial charged slur (*i.e.,* the "N" word).

    d. In early 2019, several unidentified coworkers stacked piles of garbage against his locker so that he could not open it, without moving the trash piles.

    e. In the spring of 2019, his coworkers, Becker made comments about Mr. Holcombe "*hanging from*" the manager's desk.

    f. In the spring of 2019, his coworkers, Backer made comments about Mr. Holcombe being Mr. Alvarto's "*Black Lover*"

14. Mr. Holcombe's superiors did not take the Harassment seriously, nor was a proper internal investigation done regarding the same. In fact, it was not uncommon for Mr. Holcombe to set up an appointment with his superiors to discuss the Harassment, only for no one to attend the meetings. Mr. Holcombe also became aware of Harassment directed at fellow African American employees however, their claims were similarly dismissed off hand.

15. During this time, Plaintiff obtained a Masters degree in Business Administrations ("M.B.A."). He applied for approximately 50 different job posts within Defendant's organization. Including the following the following job postings:

<div style="display: flex;">
<div>

- 087268
- 087079
- 087085
- 086643
- 086644
- 086565
- 086405
- 086046
- 085777
- 085860
- 085864
- 085776
- 085494
- 085495
- 085384
- 084820
- 084308
- 084466
- 084908
- 085711
- 085928
- 086079
- 086202
- 086708
- 087014

</div>
<div>

- 087244
- 084364
- 084180
- 084087
- 083960
- 084059
- 084064
- 084067
- 084068
- 084071
- 084006
- 083925
- 082299
- 083442
- 083379
- 083167
- 083207
- 083011
- 083080
- 083008
- 083053
- 083071
- 083072
- 082746
- 082738

</div>
</div>

However, despite his education and efforts, the Defendant refused to hire him for any of the internal positing. Upon information and belief, some or all of the postings were filled with less qualified, no-protected, persons.

16. After exhausting all internal procedures, Mr. Holcombe cross filed his complaints with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission. When Union Pacific found out about the Complaints, Mr. Holcombe's situation at work worsened. He received internal threats and experienced additional and increased harassment regarding the Complaints and was told he would be terminated if he continued in advancing his Complaints.

17. Eventually, Mr. Holcombe realized that his only options were to: (1) resign; or (2) to continue working in an openly hostile and racially discriminatory work environment full of daily

harassment. Faced with this impossible choice, Mr. Holcombe was forced to resign.

18. Plaintiff has exhausted his administrative rights with the EEOC and Texas Workforce Commission and received a right to sue notice for the Texas Work Force Commission on July 20, 2021. Exhibit A.

### VII. CAUSES OF ACTION

### COUNT I
### DISCRIMINATION, RETALIATION, AND
### WRONGFUL TERMINATION BASED ON RACE,
### UNDER TEX. LABOR CODE CHAP. 21

19. Prior to his termination, Plaintiff had faithfully served Defendant in his capacity as an employee and faithfully performed all duties expected of him. The acts committed by the agents, servants and/or employees of the Defendant in discriminating against, retaliating against, and wrongfully terminating Plaintiff based on his race all constitute violations of the Tex. Labor Code Chap 21, including §§ 21.051, 21.055, and any other applicable provisions.

### COUNT II
### DISCRIMINATION BASED ON RACE
### UNDER TEXAS LAW

20. The evidence will demonstrate:

    a. Plaintiff belongs to a protected class based on race;

    b. Plaintiff was qualified for his position;

    c. Plaintiff was subjected to adverse employment action(s); and,

    d. Others outside Plaintiff's protected class were not treated similarly.

### VIII. ADMINISTRATIVE FILINGS

21. On or about March 23, 2019, Plaintiff filed a change with the Equal Employment Opportunity Commission. The Charge was simultaneously "dual-filed" with the Texas Workforce

Commission Civil Rights Division.

22. On July 20, 2021, Plaintiff received from the Texas Workforce Commission a "Notice of Right to File a Civil Action," giving Plaintiff notice of his right sue within 60 day of its receipt. A copy is attached hereto as Exhibit A.

## IX.  DAMAGES

23. Plaintiff alleged that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

   a. Lost wages;
   b. Mental anguish, and emotional distress suffered in the past;
   c. Mental anguish, and emotional distress which, in all reasonable probability, will be suffered in the future;
   d. Punitive Damages;
   e. Reasonable attorneys' fees, expert fees, and costs,
   f. pre-judgment and post-judgment interest as provided by law; and,
   g. such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

## X.  RESERVATION OF RIGHT TO AMEND

24. Plaintiff expressly reserves the right to amend this Complaint in accordance with the Rule 15(a)(2), or as equity or justice would require.

## XI.  JURY DEMAND

25. Plaintiff hereby requests a trial by jury of all issues of fact in this case and herewith tender the jury fee.

## XII.  PRAYER FOR RELIEF

26. WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a final hearing hereof, a judgment be rendered for Plaintiff for damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, and both pre-judgement and post-judgement interests as allowed by law, attorneys' fees and for such other and further relief in law or equity to which Plaintiff may be justly entitled.

Dated: August 26, 2021

                                                                  Respectfully Submitted,
                                                                  */s/Joshua H. Sisam*
                                                                     Joshua H. Sisam, Esq.
                                                                       TX#24079346
                                                                 MN#039476

                                                                SISAM & ASSOCIATES, LLP
                                                                110 Industrial Dr.
                                                                Boerne, TX 78006
                                                                Phone: (830) 428-0333
                                                                Fax: (830) 331-1027
                                                                josh@sisam.com

                                                                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the 28th day of August, 2021, I filed the forgoing document with the Clerk of Court using the Western District of Texas CM/ECF system which will send notification of such filing to all attorneys of record who are registered users of the CM/ECF system

                                                */s/ Joshua H. Sisam*

Joshua H. Sisam, Esq.